ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL I

| EL PUEBLO DE PUERTO RICO,<br><br>Recurrida,<br><br>v.<br><br>SANDRO OSORIO TOSADO,<br><br>Peticionaria. | TA2025CE00342 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Arecibo.<br><br>Civil núm.: C LA2010G0264.<br><br>Sobre: Art. 5.04 de la Ley de Armas (portación y uso de armas de fuego sin licencia). |
| --- | --- | --- |

Panel integrado por su presidente, el juez Sánchez Ramos, la jueza Romero García y el juez Pérez Ocasio.

Romero García, jueza ponente.

## RESOLUCIÓN

En San Juan, Puerto Rico, a 26 de agosto de 2025.

La parte peticionaria, señor Sandro Osorio Tosado, instó el presente recurso de por derecho propio el 18 de agosto de 2025[1]. Nos solicita que revisemos y revoquemos la orden emitida por el Tribunal de Primera Instancia, Sala Superior de Arecibo, el 11 de julio de 2025, notificada el **14 de julio de 2025**. Mediante el referido dictamen, el foro *a quo* declaró sin lugar la moción presentada por el señor Osorio el 7 de julio de 2025, al amparo de la Regla 192.1 de Procedimiento Criminal 34 LPRA Ap. II[2].

Por los fundamentos expuestos a continuación **desestimamos** el presente recurso por el craso incumplimiento del recurrente con las leyes y los reglamentos aplicables.

---

[1] Resaltamos que el recurso se recibió en este Tribunal de Apelaciones el 18 de julio de 2025. No obstante, reconocemos que fue depositado en el correo postal el 14 de julio de 2025. Si bien el término de treinta (30) días para solicitar la revisión de la resolución emitida por el foro primario venció el 13 de agosto de 2025, no podemos obviar que, en este caso, no es la parte recurrente quien efectuó el referido depósito en el correo, sino el Departamento de Corrección y Rehabilitación (DCR).

[2] El señor Osorio Tosado no adjuntó copia de la moción presentada ante el Tribunal de Primera Instancia, por lo que obtuvimos la fecha de su presentación a través del sistema TRIB.

## I

## A

La doctrina prevaleciente dispone que los tribunales tenemos la obligación de ser los guardianes de nuestra propia jurisdicción. También, que la ausencia de jurisdicción no puede ser subsanada, ni un tribunal asumirla, atribuírsela o arrogársela cuando no la tiene. *Martínez v. Junta de Planificación*, 109 DPR 839, 842 (1980); *Maldonado v. Pichardo*, 104 DPR 778, 782 (1976). De determinarse que no hay jurisdicción sobre un recurso o sobre una controversia determinada, procede su desestimación. *González v. Mayagüez Resort & Casino*, 176 DPR 848, 855 (2009).

De otra parte, la falta de jurisdicción sobre la materia: (1) no es susceptible de ser subsanada; (2) las partes no pueden voluntariamente otorgarle jurisdicción sobre la materia a un tribunal ni el tribunal lo puede hacer *motu proprio*; (3) los dictámenes son nulos (nulidad absoluta); (4) los tribunales deben auscultar su propia jurisdicción; (5) los tribunales apelativos debemos examinar la jurisdicción del foro de donde procede el recurso; y, (6) el planteamiento sobre jurisdicción sobre la materia puede hacerse en cualquier etapa del procedimiento por cualquiera de las partes o por el tribunal *motu proprio*. *Vázquez v. A.R.P.E.*, 128 DPR 513, 537 (1991).

De determinarse que no hay jurisdicción sobre un recurso o sobre una controversia determinada, procede su desestimación. *González v. Mayagüez Resort & Casino*, 176 DPR 848, a la pág. 855. Por su parte, la Regla 83 (C) del Reglamento de este Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 83 (C), nos permite desestimar un recurso de apelación o denegar un auto discrecional, a iniciativa propia, por los motivos consignados en el inciso (B) de la Regla 83. En específico, la Regla 83 (B) (1) provee para la desestimación de un pleito por falta de jurisdicción.

## B

En nuestro sistema judicial, el recurso de apelación no es automático; presupone una notificación, un diligenciamiento y

su perfeccionamiento. Se presume, además, que nuestros tribunales actúan con corrección, por lo que compete al apelante la obligación de demostrar lo contrario. Por lo tanto, el apelante **o en este caso la parte peticionaria**, tiene la **obligación** de perfeccionar su recurso según lo exige la ley y el Reglamento de este Tribunal de Apelaciones, para así colocar a este foro apelativo en posición de poder revisar al tribunal primario.

Así pues, las normas que rigen el perfeccionamiento de **todos** los recursos apelativos deben observarse rigurosamente. *Soto Pino v. Uno Radio Group,* 189 DPR 84, 90 (2013). Ello, ante la necesidad de colocar a los tribunales apelativos "en posición de decidir correctamente los casos, contando con un expediente completo y claro de la controversia que tiene ante sí". *Íd.*

Es menester destacar que el Tribunal Supremo de Puerto Rico ha sido enfático al expresar que, de no observarse las disposiciones reglamentarias al respecto, nuestro ordenamiento autoriza la desestimación del recurso. *Pueblo v. Rivera Toro*, 173 DPR 137, 145 (2008). Sin embargo, ante la severidad de esta sanción, el Tribunal Supremo exige que nos aseguremos de que el incumplimiento con las disposiciones reglamentarias aplicables haya provocado un impedimento real y meritorio para que podamos considerar el caso en los méritos. *Román et als. v. Román et als.*, 158 DPR 163, 167 (2002). A modo de ejemplo, "[u]n recurso que carece de un apéndice, con los documentos necesarios *para poner al tribunal en posición de resolver*, **impide** su consideración en los méritos". *Íd.* (Énfasis nuestro; bastardillas en el original).

Reconocemos que la Ley de la Judicatura de 2003 tuvo como uno de sus propósitos hacer más accesible la justicia apelativa a la ciudadanía, flexibilizando los procesos apelativos. **Sin embargo, ello no supuso dar al traste con los requisitos mínimos exigidos para atender ordenadamente los recursos que se presentan ante este foro apelativo**

**intermedio**. Mucho menos pretendió eliminar los términos jurisdiccionales para acudir en alzada. *Morán v. Martí*, 165 DPR 356, 368-369 (2005).

Debemos tener presente, además, que la verificación de todos los requisitos de forma y de contenido previstos para las diversas gestiones apelativas, no solo resulta en beneficio del foro intermedio, sino también de la parte contra la cual las mismas se prosiguen. *Soto Pino v. Uno Radio Group*, 189 DPR, a la pág. 90.

Por último, debemos apuntar que el hecho de que las partes litigantes comparezcan por derecho propio, por sí solo, **no** justifica que ellas incumplan con las reglas procesales. Ello cobra mayor importancia en el caso de aquellas normas procesales que establecen términos jurisdiccionales o de cumplimiento estricto. *Febles v. Romar,* 159 DPR 714, 722 (2003).

II

Un examen del trámite del recurso que nos ocupa revela que la parte peticionaria no nos colocó en posición de auscultar nuestra jurisdicción o de ejercer nuestra función revisora. El expediente ante nuestra consideración solo contiene un recurso escueto, casi ininteligible y carente de una discusión lógica de los hechos y el derecho aplicables, mediante el cual el peticionario señala que el Tribunal de Primera Instancia erró al imponer su sentencia. Sin embargo, no hay señalamientos de error y la discusión adolece de claridad en su exposición e impide nuestra intervención.

III

Por tanto, ante el craso incumplimiento de toda la normativa aplicable, nos vemos obligados a **desestimar** este recurso.

Notifíquese.

Lo acordó el Tribunal y lo certifica la secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones